```
                    UNITED STATES DISTRICT COURT
                     DISTRICT OF MASSACHUSETTS
```

|  |  |
|---|---|
| R. WAYNE JOHNSON,<br>Plaintiff,<br><br>v.<br><br>UNITED STATES POSTAL SERVICE,<br>Defendant. | Civil Action No.<br>19-12573-NMG |

### ORDER OF DISMISSAL UNDER 28 U.S.C. § 1915(g)

**GORTON, J.**

Pro se plaintiff R. Wayne Johnson ("Johnson") is a prisoner in the custody of the Texas Department of Criminal Justice. On December 23, 2019, he filed this action without paying the $400 filing and administrative fee and he did not seek leave to proceed in forma pauperis.

A party bringing a civil action must either (1) pay the $350.00 filing fee and the $50.00 administrative fee, see 28 U.S.C. § 1914(a); or (2) seek leave to proceed without prepayment of the filing fee, see 28 U.S.C. § 1915 (proceedings in forma pauperis). Where, as here, the plaintiff is a prisoner, a motion for waiver of prepayment of the filing fee must be accompanied by "a certified copy of the trust fund account statement (or institutional equivalent) for the prisoner for the 6-month period immediately preceding the filing of the complaint . . . obtained from the appropriate official of each

prison at which the prisoner is or was confined."[1] 28 U.S.C. § 1915(a)(2). In addition, a prisoner may be denied in forma pauperis status if he has had, on three or more prior occasions, an action or appeal dismissed on the ground that it was frivolous, malicious, or failed to state a claim upon which relief may be granted. 28 U.S.C. § 1915(g)(the "three-strikes" rule). Where a prisoner has "three-strikes," he may only proceed in forma pauperis if he is "under imminent danger of serious physical injury." Id.

Johnson has already been deemed to be a three-strikes litigant pursuant to 28 U.S.C. § 1915(g). See Johnson v. Deshields, No. 07-cv-0308 (W.D. Tex. Jan. 15, 2008) (citing seven cases or appeals that had been dismissed).

Plaintiff's complaint does not show that he is imminent danger of serious physical injury. As best can be gleaned from the complaint, Johnson complains that the government is operating the "post office w/out authority." Complaint, p. 1. Because Johnson's allegations do not demonstrate that he is

---

[1] Unlike other civil litigants, prisoner plaintiffs are not entitled to a complete waiver of the filing fee, notwithstanding the grant of in forma pauperis status. Based on the information contained in the prison account statement, the Court will direct the appropriate prison official to withdraw an initial partial payment from the plaintiff's account, followed by payments on a monthly basis until the entire $350.00 filing fee is paid in full. See 28 U.S.C. § 1915(b)(1)-(2). Even if the action is dismissed upon a preliminary screening, see 28 U.S.C. §§ 1915(e)(2), 1915A, the plaintiff remains obligated to pay the filing fee, see McGore v. Wrigglesworth, 114 F.3d 601, 607 (6th Cir. 1997) (§ 1915(b)(1) compels the payment of the fee at the moment the complaint is filed).

personally in imminent danger, he is barred from proceeding <u>in forma pauperis</u> and must pay the filing fee.

In accordance with the foregoing, it is hereby ORDERED that this action is dismissed without prejudice under the "three-strikes" rule, subject to reopening if Johnson pays the $400 filing fee within thirty days.  <u>See</u> 28 U.S.C. § 1915(g).[2]

**So ordered.**

/s/ Nathaniel M. Gorton
Nathaniel M. Gorton
United States District Judge

Dated: December 31, 2019

---

[2] If Johnson commences a new action by paying the filing fee, that complaint will be subject to review under 28 U.S.C. § 1915A, which requires the court to dismiss any civil rights complaint from a prisoner if it "(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915A(b).